# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| LEO CHAMBERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:09-CV-2420-K (BF) |
| § | |
| BANK OF AMERICA CORPORATION, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court for findings and recommendation is Defendant Bank of America Corporation's ("Bank of America") motion pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), seeking dismissal with prejudice of Plaintiff Leo Chambers' Original Petition. Plaintiff failed to respond to the motion, and the time to respond expired.

## Background

Plaintiff filed this lawsuit against Bank of America, his former employer, alleging claims of age and race discrimination, retaliation, constructive discharge, wrongful discharge for refusing to perform an illegal act, intentional infliction of emotional distress, invasion of privacy, negligence, and quantum meruit. Bank of America is the proper defendant in this case because although Countrywide Bank, FSB, employed Plaintiff at the time of his termination, Countrywide Bank, FSB, is now Bank of America, N.A. Bank of America contends that Plaintiff, who is proceeding pro se, has repeatedly defied this Court's orders by failing to participate in discovery or comply with the Court's deadlines. Bank of America urges that Plaintiff's willful refusal to participate in discovery and comply with the Court's orders constitutes contumacious conduct that: (1) cripples Bank of America's ability to defend this case; (2) wastes judicial resources, and (3) justifies

dismissal of this case with prejudice. Bank of America also claims that the Court should award it costs, as sanctions.

## Undisputed Facts

On December 18, 2009, Bank of America properly removed this case from the 192nd Judicial District of Dallas County. The District Court referred this case to the United States Magistrate Judge for Pretrial Management. On January 4, 2010, this Court entered the Pretrial Scheduling Order (doc. #5) which required the parties to hold a settlement conference and make a good faith effort to settle the case no later than June 1. On March 17, Bank of America served by certified mail its First Requests for Production of Documents, First Set of Interrogatories, and medical records authorizations. Plaintiff's responses to these requests were due to be served no later than April 19. FED. R. CIV. P. 6, 33(b)(2), and 34(b)(2). When Plaintiff failed to serve discovery responses or cooperate with Bank of America regarding setting a settlement conference, Bank of America filed a motion to compel (doc. #7). Plaintiff did not respond to Bank of America's motion. On June 8, the Court granted Bank of America's motion to compel and ordered Plaintiff to serve discovery responses within 10 days of the Order (doc. #8). Additionally, the Court ordered Plaintiff to contact counsel for Bank of America regarding a settlement conference within three days of the Order. (*Id.*) The Court warned Plaintiff that the Court could recommend sanctions if he failed to comply with its Order. (*Id.*) To date, Bank of America has neither received discovery responses nor any other communication. In fact, since this case was removed to this Court on December 18, 2009, Plaintiff has taken no action.

## Analysis

Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order

to provide or permit discovery," the court may sanction the party by, among other things, "dismissing the action or proceeding in whole or in part [or] rendering a default judgment against the disobedient party . . . ." Rule 16(f) similarly provides that where a party "fails to obey a scheduling or other pretrial order," the court may sanction the party as authorized by Rule 37(b)(2)(A)(ii)-(vii). A dismissal sanction is appropriate where a penalized party's failure to comply with an order is willful and the party has not demonstrated an inability to comply with an order. *See, e.g. Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). Litigation-ending sanctions are, by their very nature, the last resort. *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

Plaintiff has failed to participate in a mandated settlement conference and did not contact counsel for Bank of America as the Court's order required. Similarly, despite several communications from counsel for Bank of America and the Court's Order, Plaintiff has failed, without explanation, to serve the required discovery responses under the Federal Rules and this Court's Order.

Dismissals with sanctions are affirmed on appeal when the requisite factors of clear delay and ineffective prior sanctions are coupled with any of the following aggravating factors: (1) the extent to which the Plaintiff was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct. *Rogers v. Kroger*, 669 F.2d 317, 319-20 (5th Cir. 1982). In this case, there are no prior sanctions with which Plaintiff failed to comply, and the Court has not held a show cause hearing. There is no evidence of Plaintiff's intent to delay or prejudice Defendant, other than Plaintiff's failure to prosecute his case. Defendant suffered costs and incurred attorney fees as a result. However, if

Plaintiff were to re-file this action within the statue of limitations and the case were to proceed, Defendant could resume its defense. The actual prejudice to Defendant, if any, is not great. In sum, the Court finds that a dismissal without prejudice, rather than the dismissal with prejudice that Defendant seeks, is warranted under the facts of this case. Further, attorney fees, as sanctions for bringing the motion, are not warranted.

### **Recommendation**

This Court recommends that the District Court grant in part and deny in part Defendant's Motion to Dismiss. The District Court should dismiss without prejudice Plaintiff's Complaint and deny Defendant's requests for costs and attorney fees.

**SO RECOMMENDED**, this 2nd day of August, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).